UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WILLIAM LEE CHAMBLEE,

    Petitioner,

v.                                         Case No. 8:16-cv-2026-T-33TBM

SECRETARY, DEPARTMENT
OF CORRECTIONS,

    Respondent.
_____/

## **ORDER**

William Lee Chamblee, a Florida prisoner, filed a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254. (Doc. 1.) He challenges his convictions entered by the Circuit Court for the Sixth Judicial Circuit, in and for Pasco County. Respondent asserts that the petition is time-barred. (Doc. 9.) Chamblee filed a reply. (Doc. 15.) Upon consideration, the petition is dismissed as time-barred.

## **PROCEDURAL HISTORY**

Chamblee entered a plea of nolo contendere to one count of second degree murder. (Doc. 12, Ex. 1.) The trial court sentenced him to 30 years in prison. (*Id.*) The state appellate court *per curiam* affirmed. (Doc. 12, Ex. 3.) Chamblee's motion to correct illegal sentence filed under Florida Rule of Criminal Procedure 3.800(a) was denied. (Doc. 1, p. 4; Doc. 12, Ex. 4.) The state appellate court affirmed. (*Id.*) The state appellate court also denied Chamblee's habeas petition filed under Florida Rule of Appellate Procedure 9.141. (Doc. 12, Ex. 5.) Chamblee next filed a motion for postconviction relief under Florida Rule

of Criminal Procedure 3.850. (Doc. 12, Ex. 6.) The motion was denied, and the state appellate court *per curiam* affirmed. (Doc. 12, Exs. 6, 7.) The state court also dismissed Chamblee's motion for return of property. (Doc. 12, Ex. 8.) The state appellate court reversed and remanded for further proceedings. (Doc. 12, Ex. 9.)

**UNTIMELINESS OF FEDERAL HABEAS PETITION**

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides a one-year period of limitations for filing a § 2254 federal habeas petition. 28 U.S.C. § 2244(d)(1). *Lawrence v. Florida*, 549 U.S. 327, 331 (2007). This period runs from the later of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

The state appellate court *per curiam* affirmed Chamblee's judgment on September 2, 2011. (Doc. 12, Ex. 3.) His judgment therefore became final 90 days later, on December 1, 2011, when the time for filing a petition for writ of certiorari in the United States Supreme Court expired. *Clay v. United States*, 537 U.S. 522, 527 (2003); *Bond v. Moore*, 309 F.3d 770, 774 (11th Cir. 2002).

Chamblee's assertion that his judgment did not become final for another twenty days must be rejected. He notes that his motions for rehearing on direct appeal were denied on September 22, 2011. He contends that his conviction therefore did not become final until December 21, 2011. Chamblee is correct that a motion for rehearing generally delays the start of the 90-day period to petition for a writ of certiorari. *See* Sup. Ct. R. 13.3. However, Chamblee's motions for rehearing were nullities because he filed them *pro se* while he was represented by counsel. His own supporting documentation shows that the state appellate court noted "strike pro se rehearing/represented" in disposing of his motions. (Doc. 15, p.

7.) Under Florida law, *pro se* pleadings by represented defendants are considered nullities. *See Sheppard v. State*, 17 So. 3d 275 (Fla. 2009). Although *Sheppard* recognizes "a limited exception to the rule of striking pro se pleadings as nullities," this exception is irrelevant to Chamblee's motions for rehearing because it applies only to some motions to withdraw plea. *Id.* at 277. Therefore, Chamblee's stricken motions for rehearing filed in the state appellate court had no effect on the finality of that court's judgment, and did not delay commencement of the 90-day period to file a petition for writ of certiorari.

Accordingly, Chamblee's limitations period began to run on December 2, 2011, the day after his judgment became final. He had one year to file his federal habeas petition absent the filing of any tolling applications. *See* 28 U.S.C. § 2244(d)(2) (the limitations period is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending.").

A total of 39 days of untolled time ran before Chamblee filed his Rule 3.800(a) motion to correct illegal sentence on January 9, 2012. (Doc. 12, Ex. 4.) This motion remained pending until the state appellate court issued its mandate on December 14, 2012. (*Id.*) By that date, however, Chamblee had already filed a habeas petition alleging ineffective assistance of appellate counsel pursuant to Florida Rule of Appellate Procedure 9.141. (Doc. 12, Ex. 5.) The state appellate court denied the petition, and the tolling of Chamblee's AEDPA limitations period continued until the state appellate court denied his motion for rehearing on February 18, 2013. (*Id.*) Another 291 days of untolled time, for a total of 330 days, ran until Chamblee filed his Rule 3.850 motion for postconviction relief on December 6, 2013. (Doc. 12, Ex. 6.) This motion was pending until December 31,

2015, when the state appellate court issued its mandate affirming the denial of relief. (Doc. 12, Ex. 7.) Another 40 days of untolled time, for a grand total of 370 days, passed before Chamblee filed his federal habeas petition by providing it to prison officials for mailing on February 9, 2016.[1] Accordingly, Chamblee's petition is untimely because it was filed after the one-year limitations period expired.

Finally, the Court notes that Chamblee filed a motion for return of property on May 29, 2014, which the state court dismissed as facially insufficient on June 6, 2014. (Doc. 12, Ex. 8.) His second motion for return of property, filed on July 22, 2014, was treated as a motion for rehearing and denied on December 19, 2014. (*Id.*) The state appellate court reversed and remanded on November 25, 2015, and its mandate issued on December 15, 2015. (*Id.*) It appears that the motion for return of property therefore may have been pending in the state trial court in early 2016 pursuant to the remand. However, this has no effect on the timeliness determination.

The limitations period is tolled under § 2244(d)(2) during the pendency of a "properly filed application for State post-conviction or other collateral review." However, Chamblee's motion for return of property was not an application for postconviction or other collateral review. The Supreme Court has defined collateral review as "a judicial reexamination of a judgment or claim in a proceeding outside of the direct review process." *Wall v. Kholi*, 562 U.S. 545, 553 (2011).

Chamblee's motion for return of property did not involve a judicial reexamination of

---

[1] Although Chamblee's federal habeas petition was not initially received by the Court, the Court determined that the petition would be deemed filed on February 9, 2016, when Chamblee provided it to prison officials for mailing. (Doc. 3.)

a judgment or claim. Rather, he asked for the return of items of personal property that he alleged were being held by police, and the scope of the state court's review would not have extended beyond determining the appropriate custody of such property. *See Justice v. State*, 944 So.2d 538, 539 (Fla. 2d DCA 2006) (a trial court's authority "over property seized or obtained in connection with the proceeding . . . continues beyond the termination of the prosecution, thus enabling the court to direct the return of the property to its rightful owner.") (quoting *Stevens v. State*, 929 So.2d 1197, 1198 (Fla. 2d DCA 2006)). As the state court therefore would not have engaged in a reexamination of the judgment, Chamblee's motion for return of property was not an application for collateral review that tolled his AEDPA limitations period. *See Day v. Chatman*, 130 Fed. App'x 349, 351 (11th Cir. 2005) ("Day's . . . motions for return of property did not toll the limitations period because the motions were not 'application[s] for State post-conviction or other collateral review with respect to the pertinent judgment [of Day's conviction]" as required by 28 U.S.C. § 2244(d)(2)."). Accordingly, Chamblee's petition is untimely under § 2244(d)(1)(A).

**EQUITABLE TOLLING; ACTUAL INNOCENCE**

The one-year limitations period set forth in § 2244(d) "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). In addition, a showing of actual innocence may permit the consideration of a time-barred habeas petition. *McQuiggin v. Perkins*, __ U.S. __, 133 S.Ct. 1924, 1928 (2013). However, Chamblee does not assert that he is entitled to equitable tolling or that he is actually innocent.

Accordingly,

It is **ORDERED** that Chamblee's petition (Doc. 1) is **DISMISSED** as time-barred.

The Clerk is directed to enter judgment against Chamblee and to close this case.

### CERTIFICATE OF APPEALABILITY AND
### LEAVE TO APPEAL *IN FORMA PAUPERIS* DENIED

It is further **ORDERED** that Chamblee is not entitled to a certificate of appealability (COA). A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a COA. *Id.* "A [COA] may issue … only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To merit a COA, Chamblee must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. *See id.*; *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir 2001). Because the petition is clearly time-barred, Chamblee cannot satisfy the second prong of the *Slack* test. 529 U.S. at 484. Finally, because Chamblee is not entitled to a COA, he is not entitled to appeal *in forma pauperis*.

**ORDERED** at Tampa, Florida, on May 30, 2017.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

William Lee Chamblee
Counsel of Record